UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TARYN NICHELLE PRINCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-2203 (CEJ) |
| ) | |
| ST. LOUIS CHILDREN'S HOSPITAL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to strike, pursuant to Fed.R.Civ.P. 12(f). Plaintiff, who proceeds *pro se*, has not filed a response to the motion and the time allowed for doing so has expired.

Plaintiff Taryn Price is an African-American woman employed by St. Louis Children's Hospital. She alleges that she has been subjected to disparate treatment, retaliation, and a hostile environment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Defendant moves to strike some paragraphs of plaintiff's second amended complaint, arguing that they include immaterial information that is unrelated to the substance of the litigation.

**Discussion**

Courts may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Judges enjoy liberal discretion to strike pleadings under Rule 12(f). BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Striking a party's pleading, however, is an extreme and disfavored measure. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000). "A matter is immaterial or impertinent when not relevant to the

resolution of the issue at hand." McLafferty v. Safeco Ins. Co. of Indiana, No. 14-564 DSD/SER, 2014 WL 2009086, at *3 (D. Minn. May 16, 2014) (citation omitted). "Material is scandalous if it generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." Id. Matters that are not "strictly relevant" to the underlying claim need not be stricken if they provide "important context and background to [a plaintiff's] suit" or pertain to the object of the suit. Id. (citing Stanbury, 221 F.3d at 1063. "Matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation. . . If there is any doubt whether the matter may raise an issue, the motion should be denied." Id. (citation omitted).

The Court has reviewed the allegations that defendant argues should be stricken. While these allegations may not be strictly relevant, they do provide important context.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike [Doc. #35] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2014.